950 F.2d 731
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas E. FLOWERS, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 91-3437.
 United States Court of Appeals, Federal Circuit.
 Nov. 25, 1991.
 
 Before RICH, PAULINE NEWMAN and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Thomas E. Flowers appeals the final decision of the Merit Systems Protection Board (the Board), Docket No. SF07529110112. The Board held that his resignation was voluntary, and therefore that he had no basis for appeal. We affirm.
 
 DISCUSSION
 
 2
 Mr. Flowers was employed as a sheet metal worker at Mare Island Naval Shipyard, where he had been assigned to light duty. In June 1989 the foreman told Mr. Flowers that long term light duty would no longer be available at the shipyard. Mr. Flowers was then returned to regular duty as a sheet metal worker repairing submarines. He states that the foreman told him that employees who could not handle regular duty would be released. Mr. Flowers states that he suffers from several phobias including claustrophobia, that he attempted to comply with the reassignment, and that he realized he could not perform this job. Mr. Flowers duly submitted his resignation.
 
 
 3
 A year later Mr. Flowers appealed his resignation to the Board. He stated that his resignation should be deemed involuntary, because he relied on the representations of his foreman that the inability to perform regular duty would result in removal.
 
 
 4
 The threat of removal does not make a resignation involuntary. A resignation is involuntary if obtained through agency coercion, duress, deception or misinformation. Covington v. Department of Health and Human Services, 750 F.2d 937, 942 (Fed.Cir.1984). The ability of the employee to exercise free choice is central to the issue of voluntariness. Mr. Flowers told the Board that based on his foreman's representations he "felt that the United States Navy would not provide me with long term light duty and I would face termination action." The issue before the Board was whether the agency made misleading statements or took misleading action, on which Mr. Flowers reasonably relied in resigning his position.
 
 
 5
 The Board found that the agency did not mislead Mr. Flowers. On the record before us, we conclude that he has not shown reversible error in that finding. See 5 U.S.C. § 7703(c) (Board's decision must be sustained unless arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise contrary to law.)
 
 
 6
 Mr. Flowers also states that he was unable to make a rational, informed choice at the time he resigned, and that inadequate weight was given to his mental state. There was inconclusive evidence of Mr. Flowers' condition at the time of his resignation, from which Mr. Flowers and the agency draw conflicting inferences. Applying the requisite standards of review of the Board's factual findings, we must affirm the Board's holding.
 
 
 7
 No costs.